IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DANIEL LUCIUS SMITH,<br><br>　　　　Defendant. | No. CR24-3052-LTS<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## I.　INTRODUCTION

This case is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I deny defendant Daniel Smith's motion (Doc. 22) to dismiss the indictment under *Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Doc. 28. Smith filed timely objections (Doc. 30) and the Government filed a response (Doc. 31). Oral argument is not necessary. *See* Local Rule 7(c).

## II.　BACKGROUND

On December 18, 2024, the Grand Jury returned an indictment charging Smith with Possession of Firearms by a Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 1).[1] Doc. 3. On February 5, 2025, Smith filed a motion (Doc. 22) to

---

[1] As Judge Mahoney noted in a pretrial detention hearing, the indictment, in both the caption and the language of the charge, discusses 18 U.S.C. § 922(g)(1) but the statutes cited at the end of the indictment include 18 U.S.C. § 922(g)(3), which is unlawful user in possession of firearms. Doc. 21 at 18-19; Doc. 3 at 1-2. Based on the language of the indictment, it appears that the inclusion of § 922(g)(3) is in error. As such, I will treat Smith's indictment as referring to violations of §§ 922(g)(1) and 924(a)(8).

dismiss the indictment based on *Bruen*. On February 20, 2025, Judge Mahoney filed her motion recommending that I deny Smith's motion. Doc. 28.

### III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

2

> further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

In his objection, Smith concedes that his *Bruen* challenge currently fails under binding Eighth Circuit precedent but seeks to preserve for appellate review his argument that 18 U.S.C. § 922(g)(1) is unconstitutional. Doc. 30 at 1. After conducting a thorough de novo review, I agree that Smith's *Bruen* challenge fails both facially and as applied to Smith. *See United States v. Cunningham,* 114 F.4th 671, 675 (8th Cir. 2024) ("The longstanding prohibition on possession of firearms by felons is constitutional[.]"); *see also United States v. Jackson,* 110 F.4th 1120, 1125 (8th Cir. 2024) ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."). As such, Smith's objections to the R&R are overruled.

## V. CONCLUSION

For the reasons stated herein, Smith's objections (Doc. 30) to the Report and Recommendation (Doc. 28) are **overruled**. The Report and Recommendation (Doc. 28) is hereby **accepted** in its entirety and Smith's motion (Doc. 22) to dismiss is **denied**.

**IT IS SO ORDERED** this 31st day of March, 2025.

_____
Leonard T. Strand
United States District Judge